# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | | |
|---|---|---|
| **BEATRIZ NAVARRO,** surviving spouse and natural heir to CHRISTIAN GONZALEZ, deceased, | : : : : | |
| Plaintiff, | : : | |
| v. | : | Civil Action No. 7:10-CV-6(HL) |
| | : : | |
| **APPLEBEE'S INTERNATIONAL, INC.** and **APPLE TWO ASSOCIATES, INC.,** | : : : : | |
| Defendants | : | |

## ORDER

Before the Court is Plaintiff Beatriz Navarro's ("Plaintiff") Motion to Compel Subpoena Responses from Andrew Pope and Brian McDaniel (Doc. 31). Andrew Pope and Brian McDaniel are both non-parties to this action and neither of them have filed a response to Plaintiff's Motion, although each served an objection to the initial subpoenas.

## I. FACTS AND PROCEDURAL HISTORY

On May 26, 2008, Michael Burdette ("Burdette"), an intoxicated driver, struck the vehicle driven by Christian Gonzalez, ultimately killing him. (Doc. 1, Exhibit A). It is alleged that prior to the accident, Burdette visited an Applebee's restaurant where the Applebee's staff served Burdette a quantity of alcoholic beverages, even though Burdette was

already noticeably intoxicated. (Doc. 1, Exhibit A). The Plaintiff named the franchisor (Applebee's Services, Inc.) and the franchisee (Apple Two Associates, Inc.) of the Applebee's restaurant as Defendants. (Doc. 1, Exhibit A).[1]

Burdette is currently under criminal indictment in Colquitt County for vehicular homicide. (Doc. 31, Exhibit A). Burdette is being prosecuted for these charges by Assistant District Attorney Brian McDaniel, of the Southern Circuit District Attorney's Office. (Doc. 31). Andrew Pope is serving as Burdette's criminal defense attorney. (Doc. 31).

Plaintiff served subpoenas on Messrs. Pope and McDaniel requesting documents related to the criminal investigation. (Doc 31, Exhibits B & C). They both objected to the subpoena, claiming that the documents relate to an ongoing criminal investigation and are not subject to discovery under the Georgia Open Records Act ("ORA"). (Doc. 31, Exhibits D & E). Messrs. Pope and McDaniel also asserted the attorney-client privilege, the work-product doctrine, and a defendant's Fifth Amendment right against self-incrimination as objections to producing the requested documents. (Doc. 31, Exhibits D & E).

Plaintiff now seeks a Court Order compelling subpoena responses from Messrs. Pope and McDaniel under Federal Rule of Civil Procedure

---

[1] Applebee's International, Inc. has subsequently been substituted for Applebee's Services, Inc. as the appropriate corporate franchisor.

45. (Doc. 31). Rule 45 governs the service of subpoenas upon non-parties, and because Messrs. Pope and McDaniel are non-parties to the instant action, Rule 45 governs the Plaintiff's discovery requests.

## II. ANALYSIS

In support of the Plaintiff's Motion to Compel, the Plaintiff contends that the ORA does not apply to discovery requests; that the common law investigatory privilege is either waived or outweighed by the Plaintiff's need for information; and that Burdette's Fifth Amendment rights will not be violated. (Doc. 31). Plaintiff further claims that she has no interest in obtaining privileged attorney-client communications or attorney work-product from the criminal case. (Doc. 31).

### A. Whether the Georgia Open Records Act prohibits the Plaintiff's discovery requests

The ORA provides the right for citizens to inspect public records. See O.C.G.A. § 50-18-70(b). "The purpose of the Open Records Act is to encourage public access to government information and to foster confidence in government through openness to the public." McFrugal Rental of Riverside v. Garr, 262 Ga. 369, 370, 418 S.E.2d 60, 61 (1992). This purpose differs from the purpose of civil discovery, which is to remove surprise from trial preparation and allow the parties to acquire evidence necessary to evaluate and resolve their dispute. Nutt v. Black Hills Stage Lines, LLC, 452 F.2d 480, 483 (8th Cir. 1971). Because the two schemes

serve different purposes, the ORA does not determine the scope of discoverability in civil actions. See Millar v. Fayette County Sheriff's Dept., 241 Ga. App. 659, 659-660, 527 S.E.2d 270, 271 (1999) ("The rights of an individual under the Open Records Act and the rights of a litigant under discovery statutes are separate and distinct, and nothing… should be read to require any conflation of the two.") Therefore, the ORA does not prohibit Plaintiff's discovery requests.

### B. Whether the law enforcement investigatory privilege prohibits the Plaintiff's discovery requests

The law enforcement investigatory privilege is a federal common law privilege that may be raised to protect the disclosure of information contained in criminal investigations. See Swanner v. United States, 406 F.2d 716, 719 (5th Cir. 1969). To maintain a claim of privilege, the head of the department that has control over the requested information must formally raise a claim of privilege. In re Sealed Case, 856 F.2d 268, 272 (D.C. Cir. 1988). This request must be accompanied by a detailed specification of the information for which the privilege is claimed and an explanation why it properly falls within the scope of the privilege. Id. Even if this privilege applies to the instant action under federal common law, the State of Georgia has not complied with the requirements for raising this privilege. Therefore, the law enforcement investigatory privilege does not prevent the Plaintiff from receiving the requested documents.

### C. Whether the Fifth Amendment right against self-incrimination prohibits the Plaintiff's discovery requests

The privilege against self-incrimination may be invoked in civil as well as in criminal proceedings. See Baxter v. Palmigiano, 425 U.S. 308, 318, 96 S.Ct. 1551, 1558 (1994). In both civil and criminal cases, the Fifth Amendment right only applies to testimonial evidence. United States v. Hubbell, 530 U.S. 27, 34-36, 120 S.Ct 2042-43 (2000). Evidence is testimonial when a defendant's communication itself, explicitly or implicitly, relates a factual assertion or discloses information. Id. at 37, 120 S.Ct at 2044. Accordingly, the act of producing documents in response to a subpoena may have a compelled testimonial aspect because "the act of production" itself may implicitly communicate "statements of fact." Id. at 36, 120 S.Ct at 2043. However, based on the nature of documents requested and the absence of an assertion by Mr. Pope that producing the requested documents would implicitly communicate a statement of fact, the Court does not believe that producing these documents will violate Mr. Burdette's Fifth Amendment rights. It is insufficient for Mr. Pope to simply make a blanket statement that Mr. Burdette's Fifth Amendment rights could be violated.

### III. CONCLUSION

The ORA, the federal investigatory privilege, and the Fifth Amendment do not prevent the Plaintiff from acquiring the documents she

requests. Furthermore, while Messrs. Pope and McDaniel each make general statements that the requested documents are protected by the attorney-client and work-product privileges, they have not identified any particular documents that they allege are protected. If there are documents that Messrs. Pope and McDaniel believe should be withheld because they are privileged, those documents should be submitted to the Court for an in-camera review no later than September 27, 2010. However, Messrs. Pope and McDaniel may not claim work-product or attorney-client privilege on any documents already disclosed to the opposing party in the criminal case. Any documents submitted for review will be timely reviewed by the Court. All other requested documents for which the work-product doctrine and attorney-client privilege are not claimed must be provided to Plaintiff no later than September 30, 2010.

    **SO ORDERED**, this the 20th day of September, 2010.

/s/ Hugh Lawson
**HUGH LAWSON, SENIOR JUDGE**

wcj